## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

SHANE SIEFKEN,                                    CASE NO:  _____

       Plaintiff,

v.                                                               **COMPLAINT**

MICHAEL WHITAKER, as Administrator
of the Federal Aviation Administration,

       Defendant.

### BACKGROUND AND JURISDICTION

1.      Plaintiff Shane Siefken ("Plaintiff") is a resident of Council Bluffs, Pottawattamie County, Iowa.

2.      Up until September 22, 2023, Plaintiff was an instrument, multi-engine commercial pilot, holding multiple type ratings in numerous jet aircraft.

3.      The majority of events described herein, including the investigation conducted by Defendant's representatives, took place in and around Omaha, Douglas County, Nebraska.

4.      This action is brought by Plaintiff, against Defendant, Michael Whitaker as the Administrator ("Administrator") of the Federal Aviation Administration ("FAA") for equitable relief to set aside a settlement agreement signed by Plaintiff on October 10, 2023 ("Settlement Agreement") in order to resolve revocation proceedings against Plaintiff by the FAA.

5.      Because the Settlement Agreement was procured by fraud, misrepresentation and malfeasance on the part of the FAA, it should be set aside.

6.      In addition to setting aside the Settlement Agreement, the revocation of Plaintiff's pilot certificate should be reversed, and the FAA should be enjoined from any further certificate actions against Plaintiff and ordered to return Plaintiff's pilot certificate.

7.      The above-captioned action is being brought in this Court pursuant to Federal Rule of Civil Procedure 3 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388.

#1593441

1

8.      Jurisdiction is vested in this Court because Michael Whitaker, as Administrator of the Federal Aviation Administration, acted under federal authority and deprived Plaintiff of his right to due process under the Fifth Amendment of the United States Constitution.

## UNDERLYING FACTS

9.      Plaintiff hereby incorporates Paragraphs 1 through 8 by this reference above as if fully stated herein.

10.     The FAA's revocation of Plaintiff's pilot certificate was based upon Plaintiff's (1) participation as a flight crew member in an allegedly illegal charter in a certain Citation Encore Aircraft, registered as N379EC ("Aircraft") on behalf of the lessee of that Aircraft, Meridian Clinical Research ("Meridian"); (2) participation as a flight crew member in allegedly illegal charter in a certain Pilatus PC12/47, registered as N1150N, on behalf of Meridian; and, (3) operating aircraft in exchange for compensation for Meridian without having an appropriate medical certificate.

11.     The allegations against Plaintiff were developed during a sham investigation into Plaintiff's activity as a commercial pilot conducted by the lead investigator, Aviation Safety Inspector Robert Markise ("ASI Markise"), who, according to an Administrative Law Judge ("ALJ") of the National Transportation Safety Board ("NTSB"), calculated his investigation to illicitly target Plaintiff in furtherance of a vendetta ASI Markise had against Plaintiff.

12.     ASI Markise's sham investigation began with an aircraft that was unrelated to the charges against Plaintiff; however, that unrelated investigation served as a pretext for a fishing expedition to eventually make the foregoing allegations against Plaintiff, false though they were.

13.     The NTSB ALJ specifically found that "Inspector Markise's testimony that he "…was just gathering evidence about [the unrelated aircraft] when he came across N379EC without the intent to target anyone, was just not believable. He used that aircraft as a pretext to continue investigating other aircraft and airmen."

14.     The NTSB ALJ further found that the FAA's investigation was inadequate and that ASI Markise's testimony "was without a scintilla of credibility." Further, the NTSB ALJ noted that "[i]t was obvious that Inspector Markise is biased and repeatedly has abused his power as an inspector for the Government."

15.     During his illicit investigation, ASI Markise intentionally disregarded Orders specifically directed to FAA Safety Inspectors, requiring Safety Inspectors to provide a person

being investigated with notice that the person is under investigation for an apparent statutory or regulatory violation and to provide the person with an opportunity to respond to the contents of the letter.

16.     By ignoring applicable Orders, ASI Markise demonstrated that learning "the other side of the story" early in the investigation was of no interest to him, nor was showing that the FAA was conducting the investigation fairly and impartially.

17.     The allegations against Plaintiff were articulated by way of an Emergency Order of Revocation, dated September 22, 2023, and served by the FAA via enforcement counsel.

18.     Accompanying the Emergency Order of Revocation was an Enforcement Investigation Report ("EIR"), authored by ASI Markise, the Aviation Safety Inspector serving as the lead investigator into Plaintiff's activity as a commercial pilot.

19.     According to the NTSB ALJ, in order to accomplish his illicit vendetta, ASI Markise withheld exculpatory evidence within the EIR, while also including information he knew to be false.

20.     Actions attributable to the Defendant deprived Plaintiff of his due process rights under the Fifth Amendment of the United States Constitution.

21.     It was only after revocation proceedings relating to another pilot who had worked with Plaintiff that ASI Markise's above-referenced unlawful conduct came to light. The FAA was a party to these related revocation proceedings, in which the above-referenced findings by the NTSB ALJ were made.

22.     Contrary to the FAA's false allegations, Meridian's operation of N379EC was lawful and consistent with the Federal Aviation Regulations ("FARs"); in fact, the NTSB ALJ determined that Meridian went above and beyond the requirements found within the FARs.

23.     The FAA was aware of ASI Markise's conduct but, nonetheless, proceeded with revocation proceedings against Plaintiff.

24.     While the FAA was aware of ASI Markise's unlawful conduct in connection with Plaintiff's revocation, the FAA elected to disclose faulty information in order to justify the revocation of Plaintiff's pilot certificate.

25.     While the FAA was aware of ASI Markise's unlawful conduct in connection with Plaintiff's revocation, the FAA represented that the bases for the revocation were supported by the information provided within the EIR.

#1593441

3

26.     The FAA's knowing representation of false information was intended to induce Plaintiff to enter into a settlement agreement that the FAA knew was not actually supported by the facts actually surrounding Plaintiff's activity as a commercial pilot.

27.     Plaintiff reasonably relied upon the misrepresentations made by ASI Markise and repeated by the FAA in agreeing to settle the revocation proceedings against him.

28.     After ASI Markise's unlawful conduct came to light, he sent Plaintiff a letter dated February 7, 2024, admitting that there was no basis for an enforcement proceeding associated with Plaintiff's operation of N1150N as a commercial pilot.

29.     Plaintiff is entitled to equitable relief as he has no adequate remedy at law.

WHEREFORE Plaintiff, Shane Siefken, prays for an order from this Court in favor of Plaintiff and against Defendant for equitable relief and attorney fees and costs in an amount to be proven at trial.

Dated this 13th day of March, 2024.

SHANE SIEFKEN, Plaintiff,

By:     /s/ Sarah K. Scholten

Sarah K. Scholten, #27468
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Dr., #100
Omaha, Nebraska 68114
(402) 397-2200
sscho@eslaw.com
*Attorney for Plaintiff*

#1593441                                          4